## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHAWNDA LOSEE o/b/o T.M., a minor child, <br><br> **Plaintiff,** <br><br> vs. <br><br> **CAROLYN W. COLVIN,** **Acting Commissioner of Social Security,** <br><br> **Defendant.** | **Court No. 2:15-cv-00162-PMW** <br><br><br> **MEMORANDUM DECISION** <br><br><br> **Magistrate Judge Paul M. Warner** |

Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks review by this Court of the final decision of the Acting Commissioner of Social Security (Commissioner) denying her application for supplemental security income (SSI) on behalf of T.M., a minor child. The Court, following its review of the pleadings and its consideration of the oral argument in this matter, **AFFIRMS** the Commissioner's final decision denying Plaintiff's application for SSI.

### BACKGROUND

T.M. was 10 years old when Plaintiff filed for SSI in July 2011 (*see* Certified Administrative Transcript (Tr.) 358). Plaintiff claimed that T.M. was disabled by Asperger syndrome, attention deficit hyperactivity disorder (ADHD), oppositional defiant disorder (ODD), and generalized anxiety disorder (Tr. 405-406, 546).

The ALJ followed the Commissioner's three-step sequential evaluation process for the consideration of childhood disability claims (Tr. 358-70). *See generally* 20 C.F.R. § 416.924(a)

1

(outlining the process).  The ALJ found that T.M. had impairments that were "severe" within the meaning of the agency's regulations:  autism spectrum disorder, ADHD, and ODD vs. conduct disorder (Tr. 358).  The ALJ found that Plaintiff's impairments did not meet, medically equal, or functionally equal a per se disabling impairment from 20 C.F.R. Part 404, Subpart P, Appendix 1 (the Listings) (Tr. 358-69).  Thus, the ALJ concluded that Plaintiff failed to meet the strict standard to establish that T.M. was disabled under the Social Security Act (Tr. 369).

## STANDARD OF REVIEW

The Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied."  *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted).  Substantial evidence is "more than a mere scintilla," or such evidence as a "reasonable mind might accept as adequate to support a conclusion."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "In reviewing the ALJ's decision, [a court may] neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks omitted).  Where the evidence as a whole supports the ALJ's decision, that decision must be affirmed, regardless of whether the Court would have reached a different result had the record been before it de novo.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## ISSUES PRESENTED FOR REVIEW

Plaintiff presents two challenges to the ALJ's decision.  She argues that the ALJ erred when he (1) found that T.M.'s impairments did not meet a Listing and (2) found that T.M. had

less than marked restriction in the domain of "caring for yourself" (ECF No. 19).  The Court rejects these arguments for substantially the same reasons presented by the Commissioner in her Answer Brief (ECF No. 29), as discussed below.

**A. The ALJ's finding that T.M.'s impairments did not meet or medically equal a Listing was reasonable in this case.**

The ALJ found that, while T.M. had "severe" impairments of autism spectrum disorder, ADHD, and ODD, those impairments did not meet or medically equal Listing 112.08 (for personality disorders), Listing 112.10 (for autistic disorders), or Listing 112.11 (for ADHD) (Tr. 358-60).  For T.M. to meet or medically equal Listing 112.08, 112.10, or 112.11, Plaintiff was required to submit medical evidence demonstrating that he met the "B2" criteria, i.e., at least two of the appropriate age-group criteria in paragraph B2 of 112.02.  *See* 20 C.F.R. Part 404, Subpt. P, App. 1 §§ 112.08, 112.10, 112.11.  Those criteria include "[m]arked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests. . . ."  20 C.F.R. Part 404, Subpt. P, App. 1 § 112.02(B)(2).

The Court finds that the ALJ did not ignore evidence relevant to the B2 criteria.  The ALJ's finding that T.M.'s impairments did not meet or medically equal the aforementioned Listings was supported by substantial evidence, including the opinions of the State agency psychologists Drs. Shafer and Cohn (*see* Tr. 437, 449).  The ALJ thoroughly discussed the evidence, and the Court may not reweigh the evidence.  *Newbold*, 718 F.3d at 1262.  Even assuming *arguendo* that the Court might have arrived at a different conclusion on this same

evidence, the Court's function is limited to determining whether the ALJ had substantial evidence to support *his* findings and decision. *Ellison*, 929 F.2d at 536. Thus, the Court finds that the ALJ's conclusion that T.M.'s impairments did not meet or medically equal a Listing is supported by substantial evidence and free of reversible legal error.

**B. The ALJ's finding that T.M.'s impairments did not functionally equal a Listing was reasonable in this case.**

At step three of the evaluation of childhood disability claims, an ALJ must also consider whether the child's impairments functionally equal a Listing. 20 C.F.R. § 416.924(a). To functionally equal a Listing, the child's impairments must result in marked limitations in two domains of functioning or an extreme limitation in one domain. 20 C.F.R. § 416.926a(a). There are six domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi).

Here, the ALJ found that T.M.'s mental impairments did not functionally equal a Listing because they did not result in either marked limitations in two domains or extreme limitation in one domain (Tr. 364-69). Instead, the ALJ found (1) no limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) less than marked limitation in the ability to care for himself; and (6) no limitation in health and physical well-being (Tr. 364-69).

This finding was consistent with the uncontradicted medical opinions of Drs. Shafer and

Cohn that T.M. experienced these same degrees of limitation in the six functional domains and

thus did not functionally equal a Listing (Tr. 435-37, 447-49).  This finding was also consistent

with T.M.'s teacher's statement that T.M. had "no problem" in most areas of caring for himself,

and only one "slight problem"—cooperating in, or being responsible for, taking needed

medications (Tr. 570).  When viewed in its entirety, the record contains substantial evidence to

support the ALJ's findings and application of those findings to the prescribed limitations.  Thus,

the Court finds that the ALJ's conclusion that T.M.'s impairments did not functionally equal a

Listing was supported by substantial evidence and free of reversible legal error.

## CONCLUSION

The Court concludes that the ALJ's decision in this matter is supported by substantial

evidence in the record and that the correct legal standards were applied.  Accordingly, Plaintiff's

arguments fail as a matter of law.  **IT IS HEREBY ORDERED** that the Commissioner's

decision in this case is **AFFIRMED**.  Judgment shall be entered in accordance with Fed. R. Civ.

P. 58, consistent with *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).  The Clerk of Court is

directed to close the case.

**IT IS SO ORDERED.**

DATED this 15th day of September, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

5